# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6747 | **DATE** | 8/8/2002 |
| **CASE TITLE** | PAUL W. SACK vs. SHELDON SEID | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant Sheldon Seid's motion to compel discovery is granted. Plaintiff to produce documents by 8/22/02 as stated on the record. Status hearing is set for 9/12/02 at 9:00 a.m. Enter Memorandum Opinion And Order. Seid's motion to dismiss is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | AUG 12 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 28 |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL W. SACK,

    Plaintiff,

v.

SHELDON SEID, BEACON CHICAGO
BUTTON CO., CRESCENT BUTTON CO.,
OF CHICAGO, BEACON CHICAGO
BUTTON CO. PROFIT SHARING TRUST,
AND BEACON CHICAGO BUTTON CO.
MONEY PURCHASE PENSION TRUST,

    Defendants.

No. 01 C 6747

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiff, Paul Sack ("Sack"), brought suit against Defendants, Sheldon Seid ("Seid"), Beacon Chicago Button Company ("Beacon"), Beacon Chicago Company Profit Sharing Trust ("Profit Sharing Trust"), and Beacon Chicago Button Company Money Purchase Pension Trust ("Money Purchase Plan"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). Presently before the Court is Seid's Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is only warranted if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Plaintiffs are not required to allege all of the facts underlying their claims in the complaint. Instead, a plaintiff need only plead the bare minimum facts necessary to put a defendant on notice of the claim so that the defendant can file an answer. *See Swierkiewicz v.*

*Sorema,* 122 S.Ct. 992, 996 (2002) (*Swierkiewicz*); *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002) (*Higgs*).

A reading of the Complaint supports the following summary of the alleged conduct of the parties.

Sack worked for Beacon until 1983. While employed by Beacon, Sack was a participant in two ERISA-governed retirement plans sponsored by Beacon: the Profit Sharing Trust and the Money Purchase Plan (collectively, "the Plans"). Defendant Seid was the trustee of both plans, was a fiduciary under ERISA, and "control[led] all of the other defendants". (Am. Compl. at ¶7).

In 1983, at the age of 43, Sack discontinued his employment at Beacon and applied for his vested pension balance. At that time, Seid instructed Sack that he could not collect his pension benefits until reaching 65 years of age and that Sack should return at that time to receive such benefits. As Sack approached retirement age, he contacted Seid in an effort to obtain his pension benefits so he could collect such benefits upon reaching age 65. Despite his efforts, Sack was unable to confirm that his monies were available. Instead, he learned that Beacon was "gone" as were the Plans.

Between the time that Sack stopped working for Beacon and the time when he contacted Seid, the Profit Sharing Trust and the Money Purchase Plan were terminated. (According to the Amended Complaint, the Plans were terminated during the mid- to late- 1980's.) Seid had sold Beacon, terminated the Plans, and taken the Plaintiff's retirement money.

All three defendants are named as parties to the three counts in the Amended Complaint. Count I is a claim for denial of benefits under ERISA, 29 U.S.C. § 1132. Count II alleges a breach of fiduciary duty under 29 U.S.C. §§ 1104, 1109, and 1132; a violation of the exclusive benefit rule under 29 U.S.C. §§ 1104(a)(1) and 1103(c)(1); a prohibited transaction under 29 U.S.C. § 1106; and a violation of the

anti-assignment and anti-alienation of benefit provisions under 29 U.S.C. § 1056(d). Count III[1] alleges that the failure to notify Plaintiff fifteen days in advance of the date of the termination of Money Purchase Plan violates Section 204(h) of ERISA, 29 U.S.C. § 1054(h). Currently before the Court is Defendant Seid's Motion to Dismiss Counts I and II.

**Motion to Dismiss Count I**

Seid argues that Count I must be dismissed because only the Plans themselves (as opposed to a plan trustee or an administrator) are proper defendants to a denial of benefits claim brought under section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

Ordinarily, in a suit to recover benefits of a Plan brought pursuant to ERISA, the plaintiff may only bring suit against the Plan. *See Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996).

Seid argues that Count I should be dismissed because Sack has pled that the Plans were "terminated" for several years; therefore, because the only permissible party defendant is the Plans, Count 1 should be dismissed. Seid's argument fails because the Plans have been named as a party and because Sack did not plead that the Plans had been terminated. Sack has pled that he recently learned that the Plans were "terminated" and that the supposed termination was ineffective because proper notice and termination proceedings were not followed. Accordingly, Seid's argument fails.

Even if the Plans were terminated, suits for benefits may also be brought against the plan administrator. *See Mein v. Carus Corp.*, 241 F.3d 581, 583 (7th Cir. 2001) (employer was proper defendant in ERISA action because employer was also the plan administrator, and the employer and the plan were otherwise closely intertwined); *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 872 n.4 (7th Cir.

---

[1]Count III is mislabeled as Count IV in the Amended Complaint and is referenced in this Memorandum Opinion and Order as Count III.

2001); *Lays v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998). To bring suit against Seid, Plaintiff must allege that: (1) Seid was both the plan administrator and the employer and (2) that Seid and the Plan were closely intertwined.

In the instant case, Sack's complaint does not specifically allege that Seid is the administrator of the Plans. According to the Amended Complaint, Seid was the trustee of both Plans (Am. Compl. at ¶6), and "control[led] all of the other defendants". (Am. Compl. at ¶7), and that he took Sack's money (Am. Compl. at ¶10). Based on all facts alleged in the Amended Complaint and any reasonable inferences drawn therefrom in the light most favorable to Seid, Seid has sufficiently pled that Sack was the administrator of the Plans and that through his involvement with Beacon and the Plans, Seid and the Plans were closely intertwined. Therefore, at this stage of the litigation, Seid is a proper defendant in Sack's ERISA claim brought pursuant to 29 U.S.C. § 1132.

**Motion to Dismiss Count II -- Allegation of Breach of Fiduciary Duty**

Count II states a claim for a breach of fiduciary duty under 29 U.S.C. §§ 1104, 1109, and 1132; a violation of the exclusive benefit rule under 29 U.S.C. §§ 1104(a)(1) and 1103(c)(1); a prohibited transaction under 29 U.S.C. § 1106; and a violation of the anti-assignment and anti-alienation of benefit provisions under 29 U.S.C. § 1056(d). Defendant argues that the fiduciary duty claims should be dismissed because Plaintiff is not a proper party to bring such a complaint. Additionally, Defendant argues that the balance of Count II should be dismissed because it is "hopelessly vague". (Pl.'s Br. at ¶10).

In the Amended Complaint, Sack does not indicate under which subsection of 29 U.S.C. § 1132 he brings his claim. Subsection (a) of § 1132 details "persons empowered to bring a civil action" under ERISA. Of the nine subsections in 29 U.S.C. §1132(a), the only feasible sections under which a plaintiff

can bring a claim for breach of fiduciary duty are §§ (a)(2) and (a)(3). In the instant case, however, neither of these sections are appropriate avenues for relief.

A. Breach of Fiduciary Duty Under 29 U.S.C. §1132(a)(2)

Individually, Sack may not bring a fiduciary claim under subsection (a)(2). Subsection (a)(2) of section 1132 allows a plan participant to bring an action for "appropriate relief under section 1109 of this title". 29 U.S.C. § 1132(a)(2). Thus, plaintiff's ability to sue under subsection (a)(2) must come directly out of section 1109 of ERISA. In *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) (*Russell*), the Supreme Court stated that "the entire text of [section 1109] persuades us that Congress did not intend that section to authorize any relief *except for the plan itself.*" *Russell*, 473 U.S. at 144 (emphasis added). Therefore, any "recovery for a violation of [section 1109] inures to the plan as a whole" and not to an individual participant or beneficiary. *Russell,* 473 U.S. at 140. Pursuant to *Russell,* an individual plan participant may not bring a cause of action under section 1109 to recover on his own behalf. *Anweiler v. AEPSC,* 3 F.3d 986, 992 (7th Cir. 1993) (discussing *Russell* and its progeny). *See also Wyluda v. Fleet Financial Group,* 112 F.Supp.2d 827, 831 (E.D. Wisc. 2000).

In similar instances, other courts have concluded that an effort to bring a claim for breach of fiduciary duty should be read as if the claim was being brought as a derivative action on behalf of the plan. *See Musmeci v. Schwegmann Giant Super Markets*, No. Civ.A. 97-2757, 2002 WL 88938, at *1 (E.D.La. Jan 22, 2002). The instant case permits such an inference.

In his prayer for relief, Sack seeks to "restore the Plan for Plaintiff and the other participants and beneficiaries". Based on this prayer for relief, a reasonable inference can be made that Sack is not only bringing suit on behalf of himself but also the Plan and other participants and beneficiaries. Therefore, Sack's claim under 29 U.S.C. § 1132(a)(2) is not dismissed.

B. Breach of Fiduciary Duty under 29 U.S.C. §1132(a)(3)

Subsection (a)(3) of Section 1132, unlike subsection (a)(2), authorizes individualized equitable relief for breach of fiduciary obligations. *Varity Corp. v. Howe*, 515 U.S. 489, 515 (1996) (*Varity*). This subsection provides that an action may be brought "by a participant, beneficiary or fiduciary: (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). Under this subsection, "appropriate equitable relief" does not include compensatory damages but only "the typical remedies available in equity". *Buckley Dement, Inc. V. Travelers Plan Administrators of Illinois*, 39 F.3d 784, 788 (7th Cir. 1994).

In *Varity*, the Supreme Court addressed the issue of whether an individual plaintiff can obtain equitable relief under subsection (a)(3). The Court stated that equitable relief is permitted but "that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Varity*, 516 U.S. at 515. Where remedies are elsewhere available, individual plaintiffs are not permitted to bring claims for equitable relief under subsection (a)(3). *See Wyluda v. Fleet Financial Group*, 112 F.Supp.2d 827, 832 (E.D. Wisc. 2000).

Here, Sack seeks compensatory damages and other relief necessary to require the Defendants to make full restitution. While Sack seeks compensatory damages, if Sack's above theories in which he seeks such damages fail, Sack would need equitable relief to make him whole, *i.e.*, an injunctive relief to restore the funds to the Plans so that he can claim his share. Therefore, Sack has properly pled a cause of action under 29 U.S.C. 1132(a)(3).

6

**Motion to Dismiss the Balance of Count II**

Defendant also alleges that the balance of Count II is vague. Under Federal notice pleading requirements, plaintiffs are not required to allege all of the facts underlying their claims in the complaint. Instead, a plaintiff need only plead the bare minimum facts necessary to put a defendant on notice of the claim so that the defendant can file an answer. *See Swierkiewicz,* 122 S.Ct. at 996; *Higgs,* 286 F.3d at 439. Count II of Sack's Complaint is titled: "COUNT II: BREACH OF FIDUCIARY DUTY AND VIOLATION OF THE EXCLUSIVE BENEFIT RULE AND ANTI-ASSIGNMENT, AND ANTI-ALIENATION AND PROHIBITED TRANSACTION PROVISIONS OF ERISA." Given federal notice pleading requirements, Sack is clearly placing Defendants on notice of these claims. *Swierkiewicz,* 122 S.Ct. at 996. However, Count II also alleges that Defendants' actions "constitute[d] fraud, conversion, breach of contract and unjust enrichment under the federal common law." (Am. Compl. at ¶ 30). This Court does not interpret, nor does Plaintiff argue, that Paragraph 30 is a separate claim for relief under the federal common law. Instead, paragraph 30 is to be read as alleging facts in support of the claims for the remainder of Count II (claims for a violation of the exclusive benefit rule under 29 U.S.C. §§ 1104(a)(1) and 1103(c)(1), a prohibited transaction under 29 U.S.C. § 1106, and a violation of the anti-assignment and anti-alienation of benefit provisions under 29 U.S.C. § 1056(d).

For the reasons stated above, Seid's Motion to Dismiss is denied.

Dated: August 8, 2002

JOHN W. DARRAH
United States District Judge

7