# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6747 | **DATE** | 10/23/2002 |
| **CASE TITLE** | PAUL W. SACK vs. SHELDON SEID, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion for entry of default is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | OCT 2 4 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 45 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAUL W. SACK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) No. 01 C 6747 <br> SHELDON SEID, BEACON CHICAGO ) <br> BUTTON CO., CRESCENT BUTTON CO. ) Judge John W. Darrah <br> OF CHICAGO, BEACON CHICAGO ) <br> BUTTON CO. PROFIT SHARING TRUST, ) <br> and BEACON CHICAGO BUTTON CO. ) <br> MONEY PURCHASE PENSION TRUST, ) <br> ) <br> Defendants. ) | |

DOCKETED
OCT 24 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Paul Sack ("Sack"), brought suit against Defendants, Sheldon Seid ("Seid"), Beacon Chicago Button Company ("Beacon"), Crescent Button Company, Beacon Chicago Button Company Profit Sharing Trust ("Profit Sharing Trust"), and Beacon Chicago Button Company Money Purchase Pension Trust ("Money Purchase Plan"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). Presently before the Court is Plaintiff's Motion for Default Judgment against Beacon, Profit Sharing Trust, and Money Purchase Plan (collectively, "the Defendants at issue").

A reading of the Complaint supports the following summary of the alleged conduct of the parties.

Sack worked for Beacon until 1983. While employed by Beacon, Sack was a participant in two ERISA-governed retirement plans sponsored by Beacon: the Profit Sharing Trust and the Money Purchase Plan (collectively, "the Plans"). Defendant Seid was the trustee of both plans, was a fiduciary under ERISA, and "control[led] all of the other defendants". (Am. Compl. at ¶7).

In 1983, at the age of 43, Sack discontinued his employment at Beacon and applied for his vested pension balance. At that time, Seid instructed Sack that he could not collect his pension benefits until



reaching 65 years of age and that Sack should return at that time to receive such benefits. As Sack approached retirement age, he contacted Seid in an effort to obtain his pension benefits so he could collect such benefits upon reaching age 65. Despite his efforts, Sack was unable to confirm that his monies were available. Instead, he learned that Beacon was "gone" as were the Plans.

Between the time that Sack stopped working for Beacon and the time when he contacted Seid, the Profit Sharing Trust and the Money Purchase Plan were terminated. (According to the Amended Complaint, the Plans were terminated during the mid- to late 1980's.) Seid had sold Beacon, terminated the Plans, and taken the Plaintiff's retirement money.

Plaintiff's Amended Complaint was filed on March 29, 2002. The Defendants at issue were each served an alias summons and Amended Complaint on July 12, 2002. None of the Defendants at issue have filed an answer, cross-claim or counterclaim; and they have not filed an appearance in the case.

Pursuant to Federal Rule of Civil Procedure 55, a default judgment may be entered against a party if that party has failed to plead or otherwise defend the action. A district court may enter a default judgment together with a final judgment in a case. However, a default judgment is not appropriate if it would result in inconsistency among judgments of multiple defendants. *See Marshall & Isley Trust Co. v. Pate*, 819 F.2d 806, 811 (7th Cir. 1987) (*Pate*); *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257 (7th Cir. 1980) (*In re Uranium*). If the alleged liability is joint, a default judgment should not be entered against a defaulting defendant until all of the defendants have defaulted or there has been an adjudication as to the liability of the non-defaulting defendants. *See In re Uranium*, 617 F.2d at 1256-57. However, when different results as to different parties are not logically contradictory or inconsistent, such as in the case of joint and several liability, default judgment against non-answering defendants is appropriate. *See Pate*, 819 F.2d at 812.



Seid opposes the entry of default judgment against the Defendants at issue. Plaintiff argues that Seid does not have standing to oppose the entry of default against the Defendants at issue.

A plaintiff must demonstrate "injury in fact" in order to establish standing in a cause of action. *Vermont Agency of Natural Resources v. United Sates*, 529 U.S. 765, 771 (2000) (*Vermont*). Injury in fact is harm that is both "concrete" and "actual or imminent, not conjectural or hypothetical." *Vermont*, 529 U.S. at 771 (internal quotations and citation omitted). Injury in fact is more than an injury to a cognizable interest -- it requires that the party seeking relief be itself among the injured. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992).

In his Amended Complaint, Plaintiff alleges that "Seid controls all of the other defendants, and all acted jointly, together, as joint ventures, copartners, and as each other's agents." Seid is sued as the trustee of both of the plans under ERISA. Sack further argues that the retirement plans were illegally terminated by Seid. Based on these allegations, Plaintiff is alleging joint liability. Joint liability arises when several persons act in concert and each is entirely responsible for the damage resulting from that concerted effort. Any one of the defendants under a theory of joint liability can be ordered to pay full satisfaction of a damage award. *See In re Uranium*, 617 F.2d at 1257. Accordingly, Seid has an injury in fact and has standing to challenge the entry of default against the Defendants at issue. *See In re Uranium*, 617 F.2d at 1256 n. 32, 1262-63.

Seid also argues that default judgment should not be granted at this stage of the litigation because of the possibility of inconsistent judgments.

As stated above, the basis of Sack's allegations is joint action on behalf of all of the Defendants and Seid's control over the Defendants at issue. This Court has previously found that Seid and the retirement plans were closely intertwined when denying Seid's Motion to Dismiss. Based on the allegations in the Amended Complaint and because the theory of recovery against all of the Defendants

are similar, inconsistent judgments as to the multi-defendants are possible in the instant case. For example, following adjudication, it may be determined that the retirement plans were not improperly terminated by Seid and that Sack is not entitled to a benefit under either or both of the retirement plans; this finding would be inconsistent with granting default judgment against the Defendants at issue.

For the foregoing reasons, Plaintiff's Motion for Entry of Default is denied.

Dated: October 23, 2002

JOHN W. DARRAH
United States District Judge

4